Per Curiam.
It was not the intention of this act of assembly that all the streets, &c. should be immediately opened. It is provided in the 6th section, that on the petition of not *71 less than seven freeholders, the supreme executive coulncii might inquire into the propriety of opening any street, &c. and order the same to be done, if after hearing the petitioners and also those who were opposed to the opening, they should think it proper. And by the 7th section, if the owners of any ground through which the street, &c. so to be opened, shall pass, shall so require, the council shall issue their precept commanding the sheriff to summon a jury, to inquire what damages such owners will sustain in their improvements made, before the laying out of such street, &c. so applied for to be opened. Taking these two sections together then, the writ of inquiry is not to issue, until after the order to open has been given. But in this case no order to open was proved: The plaintiff therefore was not entitled to recover. As to the jury’s presuming such an order, there was not sufficient ground for it. No such presumption can arise, except after a great length of time, and in a case strengthened by other circumstances. The Court are of opinion, therefore, that the nonsuit should stand. Whether an action would lie against the commissioners in a case of this kind, even if all the proceedings had been regular, was a point not made on the trial of this cause, and therefore no opinion is now given on it.
Motion to take off the nonsuit denied.